UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS M. FEYKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00758-TWP-DLP |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND
DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on the Respondent's Motion To Dismiss, (Dkt.8), and Petitioner Dennis M. Feyka ("Mr. Feyka's") Motion for Leave to Amend Petition for Writ of Habeas Corpus, (Dkt. 13). Mr. Feyka filed a Petition for Writ of Habeas Corpus challenging his 2011 Indiana conviction for child molesting. (Dkt. 2.) The Respondent moved to dismiss the petition, arguing that Mr. Feyka's claim is non-cognizable. (Dkt. 8.) Mr. Feyka agreed, (Dkt. 14 at 2), and filed a motion for leave to amend his petition to raise ineffective assistance of trial counsel claims and a claim that his state post-conviction counsel was ineffective. For the reasons discussed in this Order, the Motion to Dismiss is **granted** and the Motion to Amend is **denied**.

**I. BACKGROUND**

In 2011, Mr. Feyka was convicted of Class A felony child molesting. On direct appeal, he argued that the prosecutor committed misconduct amounting to fundamental error, (because Mr. Feyka did not object at trial), and that the evidence was insufficient. (Dkt. 8-3.) The Indiana Court of Appeals affirmed his conviction. (Dkt. 8-6.) He raised the same issues in a petition to transfer, which the Indiana Supreme Court denied. (Dkt. 8-2 at 6.) Mr. Feyka then filed, with the assistance of counsel, a state petition for post-conviction relief, raising claims of ineffective

assistance of trial counsel. The post-conviction court denied the petition after a hearing. (Dkt. 8-1 at 8, 11, 13–14.) Mr. Feyka appealed without counsel, challenging the post-conviction court's procedural rulings and the effectiveness of his post-conviction counsel. (Dkt. 8-10.) The Indiana Court of Appeals affirmed the denial of post-conviction relief. (Dkt. 8-13.) Mr. Feyka raised the same issues in a petition to transfer, which the Indiana Supreme Court denied. (Dkt. 8-9 at 14.) Mr. Feyka then filed this petition for writ of habeas corpus.

## II.   DISCUSSION

### A.   The Sole Claim Raised in the Petition is Non-Cognizable

Mr. Feyka's Petition raises one ground for relief: whether the state post-conviction court erred when it denied him certain depositions and subpoenas. The Respondent argues in his Motion to Dismiss that this claim is non-cognizable because state post-conviction procedures are governed by state law and there is no federal right to state post-conviction review. (Dkt. 8 at 3, citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [post-conviction review].").)

A writ of habeas corpus may only issue if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Mr. Feyka acknowledges that the sole issue raised in his petition is non-cognizable. (Dkt. 14 at 2.) However, he has moved to amend his petition to raise instances of trial ineffective assistance of counsel and a claim that his post-conviction counsel was ineffective. (Dkt. 13.) The Respondent argues that Mr. Feyka's proposed amended complaint is time-barred, does not relate

back to his original petition, and is nevertheless futile because the claims raised in it are procedurally defaulted. (Dkt. 15.)

B. **The Amended Petition is Time-Barred**

Mr. Feyka acknowledges that his original petition was filed just twelve days before his one-year limitations period expired. (Dkt. 16 at 5.) Thus, his amended petition was filed beyond the limitations period. But he argues that his ineffective assistance of counsel claims relate back to his original claim that the state post-conviction court erred in denying him certain discovery. *Id*. at 2-4.

The new claims advanced in Mr. Feyka's proposed amended petition are "supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). His original claim involved the procedural rulings of the post-conviction court. His new claims are of a different type—ineffective assistance of counsel. And his ineffective assistance of trial counsel claims involve a completely different timeframe and set of actors than his post-conviction procedural claim. Because there is no claim in his original petition that his new claims could relate back to, the new claims violate the one-year statute of limitations applicable to § 2254 motions. Therefore, Mr. Feyka's Motion for leave to file an amended § 2254 petition must be **denied**.

C. **Procedural Default**

Moreover, Mr. Feyka's amendment would be futile because the new claims advanced in the petition are either procedurally defaulted or not viable federal claims. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Mr. Feyka did not present any claim to the

Indiana Court of Appeals or Indiana Supreme Court alleging that trial counsel was ineffective. Although he did raise his ineffective assistance of post-conviction counsel claim in those courts, such a claim is not a viable federal claim. 28 U.S.C. § 2254(i).

Mr. Feyka may be attempting to overcome default of his trial ineffective assistance claims by claiming that his post-conviction counsel was ineffective, but the circumstances of his case do not permit such a claim. In *Coleman v. Thompson*, the Supreme Court held that attorney error committed during state post-conviction proceedings—for which the Constitution does not guarantee the right to counsel—cannot supply cause to excuse a procedural default that occurs in those proceedings. 501 U.S. 722, 755 (1991). In *Martinez v. Ryan*, the Court created a narrow, "equitable ... qualification" to this rule that applies where state law requires prisoners to raise claims of ineffective assistance of trial counsel "in an initial-review collateral proceeding," rather than on direct appeal, so long as the defaulted claims have some merit. 566 U.S. 1, 16-17 (2012). The court expanded this exception in *Trevino v. Thaler*, holding that this exception applies both where state law explicitly prohibits prisoners from bringing claims of ineffective assistance of trial counsel on direct appeal and where the state's "procedural framework, by reason of its design and operation, makes it unlikely in a typical case that a defendant will have a meaningful opportunity to raise" that claim on direct appeal. 569 U.S. 413, 429 (2013).

In *Brown v. Brown*, the Seventh Circuit held that the *Martinez-Trevino* exception applies to Indiana. 847 F.3d 502, 513 (2017). An Indiana prisoner may therefore present procedurally defaulted claims for ineffective assistance of trial counsel in a federal habeas proceeding if the procedural default was caused by the ineffective assistance of post-conviction counsel, or if the petitioner was denied post-conviction counsel altogether, and the defaulted claims have some merit.

The procedural default of Mr. Feyka's trial ineffective assistance of counsel claims was not caused by ineffective assistance of his post-conviction counsel. Mr. Feyka represented himself on appeal of the denial of his state post-conviction petition. He failed to raise his trial ineffectiveness claims on appeal to either the Indiana Court of Appeals or the Indiana Supreme Court. He argues that he could not raise these claims on appeal because the post-conviction court had denied him certain discovery. But the denial of that discovery did not prevent Mr. Feyka from raising his ineffective assistance of trial claims alongside his other claims on appeal.

**D.** **Actual Innocence**

Finally, Mr. Feyka argues that he is actually innocent and therefore can excuse his untimely amendment and overcome procedural default of his trial ineffectiveness claims. (Dkt. 16 at 10.)[1] "[A]ctual innocence, if proved, serves as a gateway through whether the impediment is a procedural bar [] or expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* To demonstrate actual innocence, a petitioner must show "'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).

> 'New evidence' in this context does not mean 'newly discovered evidence'; it just means evidence that was not presented at trial. And because an actual-innocence claim 'involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.'

*Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

---

[1] Mr. Feyka makes this argument in a surreply. Surreplies were not contemplated in the Court's Show Cause Order, (Dkt. 5), and Mr. Feyka did not seek permission to file his surreply. However, the Respondent opposed Mr. Feyka's motion for leave to amend his petition in the Respondent's reply in support of the Respondent's motion to dismiss. Thus, the Court considers Mr. Feyka's surreply as a reply to his motion for leave to amend his petition.

Mr. Feyka argues that his new evidence includes potential statements from 12 witnesses and the victim's pretrial statement to an investigator that she did not know if the incident was a dream or real. (Dkt. 6 at 10.)  However, the victim testified about this statement at trial, so it is not new evidence. *Feyka v. State*, 972 N.E.2d 387, 393 (Ind. Ct. App. 2012) ("In a pretrial interview, T.B. told an investigator she did not know whether the incident was real or a dream. T.B. testified at trial she knew the molestation was real and not a dream because she can control what happens in her dreams, but she could not control what happened with Feyka.").  Mr. Feyka has not presented any other evidence, such as affidavits from any of the 12 witnesses, in support of his actual innocence claim.  He asks for an evidentiary hearing to develop such evidence, but a petitioner must first make a threshold showing of actual innocence to warrant a hearing. *Schlup*, 513 U.S. at 332 (When considering a request for an evidentiary hearing, a court "must assess the probative force of the newly presented evidence.").  Mr. Feyka has failed to do so.  Thus, his request for an evidentiary hearing is **denied**.

Mr. Feyka's motion for leave to file an amended § 2254 petition, (Dkt. 13), is **denied** because the claims raised in it are time-barred and either procedurally defaulted or not viable federal claims, and he has not overcome the default.

### III.  CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Feyka's claim is non-cognizable, nor that the claims in his proposed amended petition are time-barred and either procedurally defaulted or not viable federal claims. The Court therefore **denies** a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed in this Order, the Respondent's Motion to Dismiss, Dkt. [8], is **GRANTED**. Mr. Feyka's Petition is **dismissed with prejudice**. His Motion for Leave to Amend Petition for Writ of habeas Corpus, Dkt. [13], is **DENIED** as futile. The Court **denies** a certificate of appealability.

Final Judgment in accordance with this Order shall issue.

**SO ORDERED.**

Date: 3/11/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dennis M. Feyka, #173191
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL'S OFFICE
jesse.drum@atg.in.gov